1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MAURICE RAHIM MUHAMMAD,                    No.  2:13-cv-1501 KJN P

12                 Petitioner,

13          v.                                   ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
14   STATE OF CALIFORNIA,

15                 Respondent.

16

17          Petitioner, a state prisoner proceeding without counsel, has filed a petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma

19   pauperis.

20          Examination of the in forma pauperis application reveals that petitioner is unable to afford

21   the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See

22   28 U.S.C. § 1915(a).

23          Under Rule 4 of the Rules Governing Section 2254 Cases, the court must conduct a

24   preliminary review of § 2254 habeas petitions and dismiss any petition where it plainly appears

25   that petitioner is not entitled to relief in this court.

26          On August 30, 2000, petitioner was convicted in the Sacramento County Superior Court,

27   and sentenced to three years in state prison.  (ECF No. 1.)  Petitioner alleges he suffered

28   ineffective assistance of counsel, claiming defense counsel misrepresented to petitioner that the

                                            1

criminal charges would later be dismissed if petitioner pled "no contest," and accepted the

conviction.  (ECF No. 1 at 16.)  Petitioner claims counsel advised petitioner "that if petitioner

pled 'no contest,' shortly after release, the conviction would be removed from his record (upon

setting a court date to do so)."  (ECF No. 1 at 17.)  Petitioner alleges that upon his release, he set

up a court date, but his request was denied.  Petitioner seeks to withdraw his "no contest" plea.

Further, petitioner claims that he is "currently suffering enhancements and other prejudicial

treatment" based on this 2000 conviction.  (ECF No. 1 at 20.)  Petitioner argues that California

Penal Code § 1473[1] allows this court to consider the instant petition beyond the statute of

limitations period provided in 28 U.S.C. § 2244(d) and to vacate the judgment of someone who is

no longer unlawfully imprisoned.  (ECF No. 1 at 13, 20.)

////

---

[1]  Section 1473 is entitled "Persons authorized to prosecute a writ of habeas corpus; false evidence," and provides as follows:

(a) Every person unlawfully imprisoned or restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment or restraint.

(b) A writ of habeas corpus may be prosecuted for, but not limited to, the following reasons:

(1) False evidence that is substantially material or probative on the issue of guilt or punishment was introduced against a person at any hearing or trial relating to his incarceration; or

(2) False physical evidence, believed by a person to be factual, probative, or material on the issue of guilt, which was known by the person at the time of entering a plea of guilty, which was a material factor directly related to the plea of guilty by the person.

(c) Any allegation that the prosecution knew or should have known of the false nature of the evidence referred to in subdivision (b) is immaterial to the prosecution of a writ of habeas corpus brought pursuant to subdivision (b).

(d) Nothing in this section shall be construed as limiting the grounds for which a writ of habeas corpus may be prosecuted or as precluding the use of any other remedies.

Cal. Penal Code § 1473.

Pursuant to 28 U.S.C. § 2254(a), a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Section 2254(a)'s custody requirement "has been interpreted to mean that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is under the conviction or sentence under attack at the time his petition is filed."  Bailey v. Hill, 599 F.3d 976, 978-79 (9th Cir. 2010) (citation and internal quotations omitted); see also Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam) (interpreting § 2254(a) "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed").  Because the custody requirement is jurisdictional, "it is the first question [the court] must consider."  Bailey, 599 F.3d at 978 (internal citation and quotation marks omitted).

"The boundary that limits the 'in custody' requirement is the line between a 'restraint on liberty' and a 'collateral consequence of a conviction.'"  Id. at 979 (citation, internal quotation marks omitted).  Thus, a petitioner on parole is considered to be "in custody."  Jones v. Cunningham, 371 U.S. 236, 242-43 (1963).  Once the sentence imposed for a conviction has "completely expired," however, the collateral consequences of that conviction are not sufficient to render an individual "in custody" for purposes of a habeas petition.  Maleng, 490 U.S. at 492 (holding that a previous conviction cannot be challenged where petitioner has been released from prison and the only collateral consequence left from that conviction is the lengthening of a subsequent sentence).

Here, petitioner states that in 2000 he was sentenced to three years, and confirms he was released from custody.  Petitioner does not claim that he was placed on parole at the time of his release, or that he remains on parole from the 2000 conviction at this time.

In addition, court records reflect that petitioner was subsequently convicted on June 10, 2011, and sentenced to seven years in state prison, Muhammad v. Diaz, 2:13-cv-0153 CMK (E.D. Cal.).  Thus, it appears petitioner is presently in custody based on the 2011 conviction, not the 2000 conviction.  This is further substantiated by petitioner's claim that he suffered an enhancement based on the 2000 conviction.  (ECF No. 1 at 20.)

1    Finally, on May 22, 2013, the California Supreme Court denied the petition with citations

2  to People v. Villa, 45 Cal.4th 1063 (2009).  (ECF No. 1 at 19.)  The citation to Villa indicates that

3  the petition was denied because petitioner was no longer in actual or constructive state custody.

4  See Villa, 45 Cal.4th at 1066, 1070-71 (holding that defendant who is not in state custody is

5  ineligible for habeas relief and that collateral consequences of conviction, such as sex-offender-

6  registration requirement, do not constitute constructive custody).

7    Therefore, the documents provided by petitioner demonstrate that he was not "in custody"

8  for the 2000 conviction when he filed the instant petition.  See Tatarinov v. Superior Ct., 388 F.

9  Appx. 624, 625 (9th Cir. 2010) (noting that "a defendant is no longer 'in custody' once he is

10  discharged from probation or parole"); see also Maleng, 490 U.S. at 492 ("While we have very

11  liberally construed the 'in custody' requirement for purposes of federal habeas, we have never

12  extended it to the situation where a habeas petitioner suffers no present restraint from a

13  conviction.").[2]  Contrary to petitioner's argument, California Penal Code § 1473 does not provide

14  a basis for jurisdiction for petitioner to challenge the 2000 conviction in this court.

15    Therefore, it is recommended that this action be dismissed for lack of jurisdiction.

16    In accordance with the above, IT IS HEREBY ORDERED that:

17    1.  Petitioner's motion to proceed in forma pauperis is granted;

18    2.  The Clerk of the Court is directed to assign a district judge to this case; and

19    IT IS RECOMMENDED that this action be dismissed with prejudice.

20    These findings and recommendations are submitted to the United States District Judge

21  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

22  after being served with these findings and recommendations, petitioner may file written

23  objections with the court and serve a copy on all parties.  Such a document should be captioned

24  "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,

25

26  [2]   In addition, relief is generally unavailable to a state prisoner through a petition for writ of
habeas corpus when the prisoner challenges a current sentence on the ground that it was enhanced

27  based on an allegedly unconstitutional prior conviction for which the petitioner is no longer in
custody.  Lackawanna Cnty. Dist. Attorney v. Coss, 532 U.S. 394 (2001).

28

he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 2, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/muha1501.156

5